| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2007-5, ASSET-BACKED CERTIFICATES, SERIES 2007-5, | **MEMORANDUM & ORDER** |
| Plaintiff, | 24-CV-7892 (ERK) (RML) |
| – against – | |
| HEERALALL SHEWTAHAL, NANDALALL BISNAUTH, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and NEW YORK CITY TRANSIT ADJUDICATION BUREAU, | |
| Defendants. | |

KORMAN, *J*.:

Plaintiff Deutsche Bank National Trust Company, as Trustee for GSAA Home Equity Trust 2007-5, Asset-Backed Certificates, Series 2007-5 ("Plaintiff" or "Deutsche Bank"), brings this action under New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 *et seq*., against Heeralall Shewtahal, Nandalall Bisnauth, New York City Environmental Control Board, New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, and John Doe #1 through #12 (collectively, "Defendants"), seeking to foreclose on a mortgage encumbering the property commonly known as 94-43 Springfield Boulevard,

1

Queens Village, New York 11428 (the "Property"). Presently before the Court is Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth below, Plaintiff's motion for default judgment is denied and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## I.   Background

According to the Complaint, on November 14, 2006, Defendant Shewtahal executed a promissory note (the "Note") to AmNet Mortgage in Lieu of True Corporate Name American Mortgage Network, Inc., for $381,600.00. Compl. ¶ 12(a) & Ex. B, ECF No. 1. Also on November 14, 2006, Defendant Shewtahal executed a mortgage (the "Mortgage") on the Property in the principal amount of $381,600.00 plus interest to Mortgage Electronic Registration Systems, Inc., as nominee for AmNet Mortgage in Lieu of True Corporate Name American Mortgage Network, Inc. *Id.* ¶ 12(a) & Ex. C. The Mortgage was recorded on December 20, 2006. *Id.* ¶ 12(a). The Mortgage was subsequently assigned to Plaintiff on September 30, 2009. *Id.* ¶ 12(b) & Ex. D.

Following certain missed payments, a home affordable modification agreement was executed on or about September 23, 2016, making the new principal balance of the loan $553,417.63. *Id.* ¶ 13 & Ex. E. Following further missed payments, a second loan modification was executed on or about September 24, 2018, making the new principal balance $590,890.36. *Id.* ¶ 14 & Ex. E.

2

Plaintiff alleges that Defendant Shewtahal failed to make payments that became due on January 1, 2024 and thus defaulted under the terms of the Mortgage, the Note, and the loan modification agreements. *Id.* ¶ 17. Pursuant to the terms of the Mortgage, Plaintiff sent Defendant Shewtahal a 30-day notice to cure the default. *Id.* ¶ 18. Defendant Shewtahal failed to cure the default and the outstanding principal balance due under the Note (amounting to $467,038.12), together with all accrued interest thereon, became immediately due and payable. *Id.* ¶¶ 19, 22.

Plaintiff commenced the instant action by filing a Complaint on November 13, 2024. *See generally id.* According to the Complaint, Defendant Shewtahal resides at the Property and is obligor of the Note and/or Mortgage being foreclosed. *Id.* ¶ 3. Defendant Bisnauth resides at the Property and is a record owner of the Property. *Id.* ¶ 4. Defendants New York City Environmental Control Board, New York City Parking Violations Bureau, and New York City Transit Adjudication Bureau (collectively, "City Agency Defendants") are party defendants because they "have or may claim to have some interest in or lien upon" the mortgaged premises that are "subject and subordinate to, the lien of said Mortgage." *Id.* ¶ 9.[1]

---

[1] Plaintiff requested that the case caption be amended to remove John Doe #1 through #12, as they have not been served with copies of the Summons and Complaint and are not "necessary or proper party defendants." *See* ECF No. 21-2 ¶ 18. Plaintiff's request is granted. *See Fed. Sav. Bank v. Louis*, No. 24-CV-7950, 2025 WL 1474155, at *5 (E.D.N.Y. May 15, 2025) (noting that such requests are routinely granted).

3

Plaintiff served the Complaint on Defendants and filed proof of service on the docket. ECF Nos. 8–12. After Defendants failed to answer the Complaint, Plaintiff requested a certificate of default, ECF No. 17, which was entered by the Clerk of the Court on February 18, 2025, ECF No. 18. Plaintiff filed the instant motion for default judgment on April 24, 2025. *See generally* ECF No. 21. Plaintiff seeks to recover the outstanding principal of the loan, as well as interest, various related charges and expenses, and attorney's fees and costs. ECF No. 21-2 ¶¶ 13–14. Plaintiff also requests a judgment of foreclosure against Defendants and the appointment of a referee to effectuate the sale of the Property. *Id.* ¶ 19(1)–(2).

## II.     Discussion

### a.     Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "As federal courts have limited jurisdiction, it is 'presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record.'" *Pu v. Russell Publ'g Grp., Ltd.*, No. 15-CV-3936, 2015 WL 13344079, at *2 (S.D.N.Y. Dec. 29, 2015) (alteration in original) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). The party seeking to invoke a court's jurisdiction bears the burden of "prov[ing] jurisdiction by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019)

(internal quotation marks and citation omitted). The issue of subject matter jurisdiction may be raised at any time by a party or by the court *sua sponte*. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). In the default judgment context, where courts lack the benefit of the adversarial process to reveal potential jurisdictional defects, courts must exercise heightened vigilance to ensure subject matter jurisdiction. *Wilmington Sav. Fund Soc'y, FSB as Tr. of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024). If a court determines that it lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

In the instant case, Plaintiff seeks to invoke this Court's jurisdiction by reason of diversity of citizenship. *See* Compl. ¶ 10. Under 28 U.S.C. § 1332, diversity jurisdiction exists among "citizens of different States," where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). It is well settled that, in order to establish subject matter jurisdiction under § 1332(a), "there must be *complete* diversity of citizenship." *Geidel Fuel Oil Corp. v. Peninsula Nat. Bank*, 581 F. Supp. 19, 20 (E.D.N.Y. 1984) (emphasis in original). "Complete diversity exists if and only if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Miss Jones, LLC v. Seaview Ct., LLC*, No. 17-CV-1169, 2018 WL 3635045, at *1 (E.D.N.Y. Feb. 16,

5

2018) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)), *report and recommendation adopted*, Mar. 30, 2018 ECF Order.

The Complaint alleges that Plaintiff is "a citizen of the State of California." Compl. ¶ 2. Assuming that Deutsche Bank is a national banking association—which the Complaint does not explicitly allege—Plaintiff is a citizen of the state where its main office, as designated in its articles of association, is located. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Plaintiff's bare assertion that it is "a citizen of California," without providing its articles of association or even referencing the state that its articles of association designate as containing its main office, leaves this Court with doubts as to Plaintiff's citizenship for purposes of diversity jurisdiction. *See Wells Fargo Bank, N.A. v. Langa Air, Inc.*, No. 10-CV-480, 2010 WL 4272586, at *2 (S.D. Ill. 2010) (suggesting that, in certain cases, it "may not be sufficient" for a national banking association to allege only its citizenship without reference to the location of its main office, as designated in its articles of association).

Moreover, Deutsche Bank is not suing in its individual capacity, but rather sues "as Trustee for GSAA Home Equity Trust 2007-5, Asset-Backed Certificates, Series 2007-5." Compl. ¶ 2. Therefore, it must also be determined whether Deutsche Bank's citizenship or the trust's citizenship controls for diversity jurisdiction purposes. *See U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Tapler*, No. 19-CV-1101, 2024 WL 5682361, at *12–13 (E.D.N.Y.

6

Dec. 26, 2024). "[W]hen a trustee files a lawsuit . . . in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). However, for the trustee's jurisdictional citizenship to control, the trustee must be the "real party" in interest to the controversy. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980); *Tapler*, 2024 WL 5682361, at *3. The trustee is only the real party in interest if the trustee "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Navarro*, 446 U.S. at 464. In other words, the trustee must be "active" and must have "real and substantial" control over the assets. *Id.* at 465. If a trustee lacks these customary powers, "the trust's beneficiaries are the real parties to the controversy, and their citizenship will control for diversity purposes." *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-0485, 2014 WL 470883, at *3 (S.D.N.Y. Feb. 6, 2014); *U.S. Bank Nat'l Ass'n as Tr. for the RMAC Tr., Series 2016-CTT v. Desrosiers*, No. 17-CV-7338, 2021 WL 5630899, at *3 (E.D.N.Y. Dec. 1, 2021) ("When a plaintiff fails to show that a trustee's control over the trust assets is real and substantial . . . the citizenship of the trust's beneficiaries—rather than the citizenship of the trustee—controls the court's diversity analysis.").

To determine whether a trustee is the real party in interest, courts analyze the scope of the trustee's authority as set forth in the trust's governing instrument(s). *See, e.g.*, *Navarro*, 446 U.S. at 464; *Wilmington Sav. Fund Soc'y, FSB as Tr. for Pretium Mortg. Acquisition Tr. v. Okunola*, No. 18-CV-2084, 2023 WL 9507759, at

7

\*3 (E.D.N.Y. Mar. 15, 2023); *Desrosiers*, 2021 WL 5630899, at \*3. Where trustees have failed to provide the trust's governing instruments in similar contexts, courts have "uniformly" dismissed these cases for lack of subject matter jurisdiction. *See, e.g.*, *Fernandez*, 712 F. Supp. 3d at 331 ("Because Wilmington failed to attach the trust agreement, the [c]ourt cannot determine the identity of the real party in interest and thus whether Wilmington's citizenship or Aspen's citizenship matters for diversity purposes."); *Okunola*, 2023 WL 9507759, at \*3 (collecting cases).

In the instant case, Plaintiff has not submitted the trust agreement or any other documents governing the trust, nor has it made any allegations regarding its control over the trust property. Without the trust agreement or other proof of Plaintiff's authority over the trust, it cannot be determined whether Deutsche Bank is the real party in interest such that its citizenship controls for diversity jurisdiction purposes. The Complaint also contains no allegations with respect to the citizenship of the trust, should the Court find that the trust is the true party in interest.

Finally, the Complaint alleges that Defendant Shewtahal and Defendant Bisnauth are "resident[s] and citizen[s] of the State of New York" "upon information and belief." Compl. ¶¶ 3–4. These allegations, caveated with the phrase "upon information and belief," are insufficient to establish Defendant Shewtahal's and Defendant Bisnauth's domiciles, and thus citizenships, for the purpose of diversity jurisdiction. *See Fernandez*, 712 F. Supp. 3d at 332.

In sum, Plaintiff failed to establish in its filings that subject matter jurisdiction based on diversity of citizenship exists in this case. Accordingly, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

### b. Defects in Complaint and Motion for Default Judgment

Although subject matter jurisdiction has not been established in this case, I note several additional deficiencies in Plaintiff's Complaint and motion for default judgment that Plaintiff should address should it choose to bring a new action against Defendants.

First, Plaintiff's pleadings with respect to the City Agency Defendants are insufficient. Under New York law, where a city agency is named as a defendant, heightened pleading requirements apply such that the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a(1); *see also Fed. Nat'l Mortg. Ass'n v. 2120 Tiebout LLC*, No. 23-CV-9445, 2025 WL 1503957, at *6 (S.D.N.Y. May 27, 2025). Under this standard, "bare allegations that [city agency] defendants are lienholders cannot demonstrate nominal liability." *2120 Tiebout*, 2025 WL 1503957, at *6 (quoting *CIT Bank, N.A. v. Neris*, No. 18-CV-1511, 2019 WL 6334894, at *3 (S.D.N.Y. Nov. 1, 2019)). Here, Plaintiff failed to plead with sufficient detail the nature of the City Agency Defendants' liens on the Property. Plaintiff's conclusory allegations that the City Agency Defendants "[have] or claimed to have or may claim to have some interest in or lien upon said

9

mortgaged premises or some part thereof, which interest or lien, if any, is subject and subordinate to, the lien of said Mortgage," are insufficient. *See Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010, 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017), *report and recommendation adopted*, 2017 WL 4402448 (E.D.N.Y. Oct. 2, 2017) (citations omitted). Thus, even if subject matter jurisdiction existed in this case, Plaintiff's motion for default judgment against the City Agency Defendants would have separately been denied on these grounds.

Moreover, Plaintiff has failed to comply with several statutory requirements set forth in Article 13 of RPAPL.[2] RPAPL § 1302(1)(b) requires "[a]ny complaint served in a proceeding initiated on a residential mortgage covering a one to four family dwelling . . . [to] contain an affirmative allegation that at the time the proceeding is commenced, the plaintiff . . . has complied with all of the provisions of section five hundred ninety-five-a of the bank law and any rules and regulations promulgated thereunder . . . and section thirteen hundred four of this article." RPAPL § 1302(1)(b). Here, Plaintiff alleges in the Complaint that it has "complied with all the provisions of Section 595a . . . of the Banking Law and RPAPL Section

---

[2] Although the requirements set forth in Article 13 of RPAPL are sometimes described as "procedural," district courts in this circuit have concluded that these requirements are "substantive in nature" and thus "must be followed in federal court as well as state court." *Fernandez*, 712 F. Supp. at 333–34; *see also W. Coast Servicing, Inc. v. Giammichele*, No. 19-CV-1193, 2022 WL 391424, at *5 (N.D.N.Y. Feb. 9, 2022) (describing the requirements of Article 13 of RPAPL as "substantive" and considering whether plaintiff met said requirements in the default judgment context).

10

1304," *see* Compl. ¶ 21, but the Complaint does not reference the "rules and regulations promulgated thereunder." The Complaint accordingly does not comply with RPAPL § 1302(1)(b). *See Fernandez*, 712 F. Supp. 3d at 333 (finding a nearly identical allegation failed to comply with RPAPL § 1302(1)(b)).

Plaintiff has also failed to comply with the notice of pendency requirement pursuant to RPAPL § 1331 and New York Civil Practice Law and Rules ("CPLR") § 6511(a). These statutes require Plaintiff to file a notice of pendency of the action (specifying, in addition to other particulars required by law, the date of the mortgage, the parties thereto, and the time and place of recording) in the clerk's office of each county where the Property is situated at least twenty days before a final judgment directing a sale is rendered, along with a copy of the Complaint unless the Complaint has already been filed in that county. *See* RPAPL § 1331; CPLR § 6511(a). A declaration submitted by Plaintiff in support of its motion for default judgment states that "[t]he Notice of Pendency was filed in the office of the QUEENS County Clerk," but does not state that Plaintiff included a copy of the Complaint with that filing or that Plaintiff previously filed the Complaint with the County Clerk. Dkt. No. 21-2 ¶ 9. Similarly, the notice of pendency that Plaintiff submitted with its motion for default judgment does not contain a copy of the Complaint. *See* ECF No. 21-7. As a result, Plaintiff has not established that it complied with RPAPL § 1331 and CPLR § 6511(a). *See W. Coast Servicing, Inc. v. Giammichele*, No. 19-CV-1193, 2020 WL 5229374, at *4 (N.D.N.Y. Sept. 2, 2020) (finding that plaintiff did not meet the

11

requirements for a default judgment when plaintiff did not show "that it either served its [c]omplaint along with the notice of pendency or that it previously filed its [c]omplaint at the [relevant county clerk's office]").

Finally, Plaintiff failed to comply with CPLR § 3012-b(a), which requires that a plaintiff seeking foreclosure on a residential home attach to the complaint "a certificate, signed by the attorney for the plaintiff, certifying that the attorney has reviewed the facts of the case and that . . . to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action."  CPLR § 3012-b(a).  Plaintiff failed to attach such a certificate to the Complaint or otherwise serve such a certificate on Defendants and thus failed to demonstrate compliance with CPLR § 3012-b(a).  Courts have denied motions for default judgment in federal court where the plaintiff failed to show compliance with CPLR § 3012-b(a).  *See Fed. Sav. Bank v. Louis*, No. 24-CV-7950, 2025 WL 1474155, at *2 (E.D.N.Y. May 15, 2025); *Winward Bora LLC v. Ingberg*, No. 21-CV-3308, 2022 WL 2467664, at *2–3 (E.D.N.Y. Apr. 28, 2022), *report and recommendation adopted*, ECF Order June 21, 2022.

As a result of these shortcomings, even if the Court had subject matter jurisdiction in this case, Plaintiff's motion for default judgment would be denied.[3]

---

[3] Plaintiff is advised that this Memorandum & Order should not be construed as an exhaustive list of the deficiencies in Plaintiff's filings.  *See Fernandez*, 712 F. Supp. 3d at 336.

12

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is denied and the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

Brooklyn, New York  
August 19, 2025

*Edward R. Korman*  
Edward R. Korman  
United States District Judge